UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>    PLAINTIFF, | CIVIL ACTION <br> NO. 2:23-1261 |
| v. | JURY DEMAND |
| GOODWILL INDUSTRIES OF SOUTHEASTERN LOUISIANA, INC., <br>    DEFENDANT. | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Keonn Collins. As alleged with greater particularity below, the Defendant, Goodwill Industries of Southeastern Louisiana, Inc., discharged Ms. Collins and refused to rehire her because of disability and because she engaged in protected activity.

### JURISDICTION & VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed in Louisiana and thus within the jurisdiction and venue of the United States District Court for the Eastern District of Louisiana pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3).

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Goodwill Industries of Southeastern Louisiana, Inc. ("Goodwill") has continuously been a Louisiana corporation doing business in Louisiana and has continuously had at least 15 employees.

5. At all relevant times, Goodwill has continuously been an employer engaged in an industry affecting commerce under the ADA, 42 U.S.C.§ 12111(5) and (7).

6. At all relevant times, Goodwill has been a covered entity under the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days before the institution of this action, Ms. Collins filed a Charge of Discrimination ("Charge") with the Commission alleging violations of the ADA by Goodwill.

8. On or about January 7, 2022, the Commission issued to Goodwill a letter of determination finding reasonable cause to believe that Goodwill violated the ADA and inviting Goodwill to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Goodwill to provide Goodwill the opportunity to remedy the discriminatory practices described in the letter of determination.

10. On or about March 18, 2022, the Commission issued to Goodwill a notice of conciliation failure advising Goodwill that the Commission was unable to secure from Goodwill a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this action have been fulfilled.

## STATEMENT OF FACTS

12. On or about April 14, 2018, Goodwill hired Ms. Collins as a sales associate/cashier.

13. On or about July 13, 2019, it promoted her to assistant store manager.

14. On or about December 9, 2019, Ms. Collins injured her ankle and contemporaneously informed her supervisor.

15. On or about December 20, 2019, Ms. Collins provided Goodwill with a third doctor's note, which said that she "has a medical condition that requires her to

wear an airboot and use crutches to ambulate" and asked that Goodwill allow her to return to work as symptoms permit.

16. Goodwill did not permit Ms. Collins to return to work.

17. The human resources manager told Ms. Collins' supervisor that Ms. Collins needed to provide Goodwill with a note from her doctor indicating that she was fully healed and releasing her to full duty.

18. Ms. Collins' doctor informed Goodwill that she could return to work without restrictions on January 15.

19. On or about January 16, 2020, Goodwill terminated Ms. Collins.

20. On or about January 19, 2020, Ms. Collins visited Goodwill to follow up on returning to work and was informed that she had been terminated.

21. Goodwill classified Ms. Collins as ineligible for rehire.

22. Ms. Collins' supervisor informed Ms. Collins that she could reapply, which Ms. Collins did.

23. Goodwill did not rehire Ms. Collins.

24. Ms. Collins was able to perform the essential functions of her job from January 15, 2020, without a reasonable accommodation.

### STATEMENT OF CLAIMS

25. Since at least January 16, 2020, Goodwill has engaged in unlawful employment practices in violation of the ADA, 42 U.S.C. § 12112 and § 12203.

26. Ms. Collins is a qualified individual with a disability under the ADA, 42 U.S.C. § 12102 and § 12111(8).

27. Goodwill subjected Ms. Collins to adverse employment actions — termination, and refusal to rehire — because of her perceived impairment and because she engaged in protected activity by requesting a reasonable accommodation.

28. The effect of Goodwill's unlawful employment practices complained of above has been to deprive Ms. Collins of equal employment opportunities and otherwise adversely affect her status as an employee or applicant because of disability in violation of the ADA.

29. Goodwill's practices complained of above violate the ADA.

30. The unlawful employment practices complained of above were intentional.

31. Goodwill acted with malice and/or reckless indifference to the federally protected rights of Ms. Collins when it engaged in the unlawful employment practices complained of above.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Goodwill its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its applicants or employees on the basis of disability.

B. Order Goodwill to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified

individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Goodwill to make whole Ms. Collins, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

    D.    Order Goodwill to post and keep posted the notices required by the ADA, 42 U.S.C. § 12115, which incorporates by reference Title VII, 42 U.S.C. § 2000e-10(a).

    E.    Order Goodwill to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-8(c).

    F.    Order Goodwill to make whole Ms. Collins by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job-search and medical expenses, in amounts to be determined at trial.

    G.    Order Goodwill to make whole Ms. Collins by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and

suffering, inconvenience, and humiliation, in amounts to be determined at trial.

  H. Order Goodwill to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

        Respectfully submitted,

        **Gwendolyn Young Reams**
        Acting General Counsel
        U.S. Equal Employment Opportunity Commission
        No Bar No. Assigned

        **Christopher Lage**
        Deputy General Counsel
        U.S. Equal Employment Opportunity Commission
        No Bar No. Assigned

        **Rudy L. Sustaita**
        Regional Attorney
        U.S. Equal Employment Opportunity Commission
        Houston District Office
        1919 Smith Street, 7th Floor
        Houston, Texas 77002
        Phone: (713) 651-4970
        Texas Bar No. 19523560

**Gregory T. Juge**
Assistant Regional Attorney
U.S. Equal Employment Opportunity
Commission
Louisiana Bar No. 20890


/s/ Peter Theis
**Peter Theis (Lead)**
Senior Trial Attorney
U.S. Equal Employment Opportunity
Commission
Phone: (504) 635-2548
Louisiana Bar No. 34786

**Elizabeth J. Owen**
Senior Trial Attorney
U.S. Equal Employment Opportunity
Commission
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2535
Louisiana Bar No. 33620

**COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**


**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Alan J. Yacoubian
701 Poydras St., Ste. 4700
New Orleans, LA 70139-7701